**EASTERN FIREPROOFING CO., Inc.**

v.

**UNITED STATES GYPSUM COMPANY,**
**National Gypsum Company.**

**Civ. A. No. 57-938.**

United States District Court
D. Massachusetts.

Jan. 10, 1958.

See, also, D.C., 21 F.R.D. 290.

Endicott Peabody, Joseph M. Koufman, Peabody, Koufman & Brewer, Boston, Mass., for plaintiff.

G. D'Andelot Belin, Choate Hall & Stewart, Robert Proctor, Conrad W. Oberdorfer, Maurice H. Richardson, Boston, Mass., for defendant U. S. Gypsum.

Leonard Wheeler, Frank B. Wallis. Walker B. Comegys, Jr., Goodwin, Proctor & Hoar, Boston, Mass., for Nat. Gypsum.

ALDRICH, District Judge.

This case comes up on the motion of one defendant for a more definite statement, and by both defendants to strike certain portions of the complaint. I am normally antipathetic to motions for particularization, and slow to grant motions to strike. However, the more I read this complaint, the more puzzled I am to know how the court is to guide itself, let alone how are the parties. The plaintiff has, with some semantic skill, laid a comprehensive foundation for proving anything and everything, including matters raising possible serious questions of joinder, and doubtful questions of law which might appropriately be considered.[1] Plaintiff did not help itself on argument by seemingly suggesting that either the attacked pleading was evidentiary or redundant, which would be harmless, or meant something additional which would appear more clearly later, and that if the defendants were in doubt in any event they could answer by denying. A companion argument was that the defendants were not hurt by allegations that related to "especially New York, New Jersey, and Pennsylvania," or "New York, New Jersey and Pennsylvania and elsewhere," by which it admittedly meant not to limit itself to the three named states, because, if it had chosen to, it could have alleged every state in the union. I left the hearing with the thought that possibly counsel was not sufficiently familiar with Rule 11, 28 U.S. C.A., or else had a very imperfect knowledge of what its claims were, or both. As a separate matter, I do not understand the nature and function of a seven

---

1. For example, I would be loathe to permit conscious parallelism, which plaintiff suggested in argument it was driving at, to stand as a separate cause of action. Cf. Theatre Enterprises, Inc., v. Paramount, 346 U.S. 537, 74 S.Ct. 257, 98 L.Ed. 273.

page Appendix to the complaint, which plaintiff says defendants are not required to answer even though it is seemingly incorporated in the complaint by reference.

The problems created by this complaint will have to be faced some time. If only for that reason, although there are more immediate ones that also appeal to me, I grant the motions to strike, with leave to the plaintiff to move to amend. Any motion to amend is to be filed by January 31st.

The motion for a more definite statement is not presently passed on. If, as seems possible, substantial amendments are offered as a result of the present order, some portions of that motion may become moot. Frankly, however, although I think the plaintiff might, without harm to itself and with some benefit to the cause of expedition, voluntarily approach some of the matters touched on in the motion, I doubt if I shall order it to.

· The time for both defendants to plead further is postponed until further order of court.